1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Aaron Quincy Ingram,

          Plaintiff,

   v.

Kevin McMahill, et al.,

          Defendants.

Case No. 2:24-cv-00069-CDS-DJA

**Order**

12
13
14
15
16
17
18
19
20
21
22

    The Court previously recommended denying Plaintiff's application to proceed *in forma pauperis* and denying this case without prejudice because Plaintiff did not timely file a completed financial certificate or pay the filing fee.  (ECF No. 9).  Plaintiff then moved the Court to reconsider its recommendation, attaching a completed *in forma pauperis* application and the accompanying financial certificate and inmate trust account statement.  (ECF No. 11).  Because Plaintiff's application is complete, the Court grants Plaintiff's motion for reconsideration (ECF No. 11), withdraws its recommendation (ECF No. 9), grants Plaintiff leave to proceed *in forma paupers*, denies Plaintiff's prior application to proceed *in forma pauperis* as moot (ECF No. 6), and screens Plaintiff's amended complaint.  Because the Court finds that Plaintiff has alleged certain cognizable claims, but that other are not cognizable, the Court dismisses certain of Plaintiff's claims without prejudice and with leave to amend and allows others to proceed.

23

**I.**      **Plaintiff's motion to reconsider.**

24
25
26
27
28

    Under Federal Rule of Civil Procedure 60(b)(1), a court may relieve a party from an order for mistake, inadvertence, surprise, or excusable neglect.  District courts have discretion regarding whether to grant a motion for reconsideration under Federal Rule of Civil Procedure 60(b).  *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014).  Here, Plaintiff has demonstrated excusable neglect because he explains that he was unable to meet the Court's deadline for filing a

financial certificate and inmate account statement because he was having difficulties working with Clark County Detention Center officers to obtain the statement and signature.  (ECF No. 11). The Court thus grants Plaintiff's motion for reconsideration (ECF No. 11) and withdraws its report and recommendation (ECF No. 9).

**II.    *In forma pauperis* application.**

Plaintiff filed the forms required to proceed *in forma pauperis* (without paying the filing fee).  (ECF No. 10).  Plaintiff has shown an inability to prepay fees and costs or give security for them.  Accordingly, the application to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a).  The Court denies Plaintiff's prior application as moot now that he has filed a renewed one.  (ECF No. 6).  The Court will now screen Plaintiff's complaint.

**III.   Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations

1   contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*,

2   556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory

3   allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the

4   line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.

5   Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings

6   drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal

7   construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

8          Federal courts are courts of limited jurisdiction and possess only that power authorized by

9   the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C.

10  § 1331, federal courts have original jurisdiction over "all civil actions arising under the

11  Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when

12  federal law creates the cause of action or where the vindication of a right under state law

13  necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277

14  F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the

15  "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a

16  federal question is presented on the face of the plaintiff's properly pleaded complaint."

17  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal

18  district courts have original jurisdiction over civil actions in diversity cases "where the matter in

19  controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of

20  different states."  Generally speaking, diversity jurisdiction exists only where there is "complete

21  diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each

22  of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

23  **IV.    Screening Plaintiff's complaint.**

24         Before the Court screened his complaint, Plaintiff filed an amended complaint.  (ECF No.

25  7).  The Court will thus screen the amended complaint and not the initial complaint that Plaintiff

26  attached to his original *in forma pauperis* application.  This is because, as a general rule, an

27  amended complaint supersedes the original.  *See Exeltis USA, Inc. v. First Databank, Inc.*, 779

28  F.App'x 486, 487 (9th Cir. 2019).

Plaintiff sues Las Vegas Metropolitan Police Department ("LVMPD") Chief Sheriff Kevin McMahill; LVMPD Officer A. Cordero; LVMPD Officer Eduardo; Chief District Attorney Steven B. Wolfson; and Deputy District Attorney Megan Thomson.  He brings four claims arising out of his arrest on January 26, 2020 and subsequent prosecution.  Plaintiff brings each of his claims under the Fourth Amendment.

### A.    LVMPD Sheriff and District Attorney Wolfson.

As a preliminary matter, Plaintiff's claims—alleging violations of his constitutional rights against state actors—arises under 42 U.S.C. § 1983.  And it appears that Plaintiff has named LVMPD Sheriff McMahill and District Attorney Wolfson on a *respondeat superior* basis, meaning that he has named these two defendants only because they employ or supervise Officers Cordero and Eduardo and Deputy DA Thompson.  However, to be liable under § 1983, a defendant must have personally participated in the alleged misconduct.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  There is no *respondeat superior* liability under § 1983.  *Id.*  Because Plaintiff has not alleged how either Sheriff McMahill or District Attorney Wolfson participated in the constitutional violations he describes, the Court dismisses his claims against them without prejudice.

### B.    Claim 1.

In Plaintiff's first cause of action, he alleges that Officers Cordero and Eduardo arrested him without probable cause.  He alleges that, on January 26, 2020, Cordero and Eduardo arrived at a Wienerschnitzel restaurant, responding to a report by an individual named Mark Anderson about a reckless driver.  Anderson told officers that the suspect threatened him with a firearm during a road rage incident.  He further reported that the individual was a Black male adult aged 40-50 years, 5 foot 6 inches tall, wearing a black jacket and blue jeans, and was driving a white sedan.

Plaintiff alleges that officers later arrested him while he was waiting at a bus stop, despite the fact that he did not match the description Anderson gave.  Plaintiff asserts that he was 29 years old at the time, 6 feet tall, wearing gray sweatpants and a backpack, and was not anywhere

near a white sedan.  When Anderson showed up at the scene to identify him, Anderson immediately told officers that they had the wrong person.

Generally, an arrest made without a warrant requires a showing of probable cause.  *See Gilker v. Baker*, 576 F.2d 245, 246 (9th Cir. 2011).  An arrest made without probable cause or other justification provides the basis for a claim of unlawful arrest under § 1983 as a violation of the Fourth Amendment.  *Dubner v. City of San Francisco*, 266 F.3d 959, 964-65 (9th Cir. 2001).  A warrantless arrest is reasonable where the officer has probable cause to believe a crime has been or is being committed.  *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).  "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."  *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).  Whether a police officer has probable cause to arrest is ascertained by looking at the facts known to the officer at the time of the arrest.  *Turner v. County of Washoe*, 759 F.Supp. 630, 634 (D. Nev. 1991).  Probable cause exists if the facts and circumstances within the person's knowledge and based on reasonably trustworthy information are sufficient to warrant a prudent person in believing that the person had committed a crime.  *Id.* The existence of probable cause vitiates any claim of unlawful arrest.  *Pierson v. Ray*, 386 U.S. 547 (1967); *Wyatt v. Cole*, 504 U.S. 158, 165 (1992); *Turner*, 759 F.Supp. at 633-34 (stating "[i]t has long been established that a police officer who arrests with probable cause is immune from suit in a civil rights action").  Whether charges are later dismissed does not affect the determination of whether probable cause existed to support the arrest.  *See Beauregard v. Wingard*, 362 F.2d 901, 903 (9th Cir. 1996).

Plaintiff has alleged a colorable claim for unlawful arrest against Officers Cordero and Eduardo.  He has alleged that Officers Cordero and Eduardo did not have probable cause to arrest him because he did not match the description of the person for whom they were looking and because he was simply standing at a bus stop when they arrested him.  Based on Plaintiff's allegations, there was no reason for officers to believe that he had committed a crime.  This claim will thus proceed.

1       ***C.***      ***Claim 2.***

2          In Plaintiff's second cause of action, he alleges that Officers Cordero and Eduardo

3 conducted an unreasonable search and seizure. Plaintiff asserts that, when officers approached

4 him at the bus stop, they did so with their weapons drawn, causing him to fear for his life.

5 Officers then apprehended Plaintiff and searched his person and seized his backpack. Officers

6 then placed Plaintiff in the back of their car for hours.

7          The Fourth Amendment protects the "right of the people to be secure in their persons,

8 houses, papers, and effects, against unreasonable searches and seizures," and requires that a

9 warrant sanctioning a search or seizure be supported by probable cause. *See* U.S. Const. Amend.

10 4. Plaintiff alleges that officers detained and searched him without probable cause because he did

11 not match the description of the person Anderson reported and was simply standing at a bus stop.

12 Plaintiff has alleged a colorable claim for unreasonable search and seizure in violation of the

13 Fourth Amendment against Officers Cordero and Eduardo.

14       ***D.***      ***Claim 3.***

15          In Plaintiff's third cause of action, he alleges that Officers Cordero and Eduardo

16 effectuated a false arrest. He asserts that the officers charged him with carrying a concealed

17 firearm or other deadly weapon, ownership or possession of a firearm by a prohibited person, and

18 possession of stolen property. Officers then transported Plaintiff to Clark County Detention

19 Center, after which Plaintiff was released. On September 23, 2020, during a court hearing,

20 Plaintiff requested that officers preserve body camera footage. But officers destroyed it. Plaintiff

21 alleges that, at the preliminary hearing on February 28, 2022, Officer Cordero testified that he

22 never observed Plaintiff with a firearm or did not collect one from Plaintiff's person. Officer

23 Cordero testified that it was his partner, Eduardo who collected a firearm from the bus stop

24 receptacle "without CSI being present."[1] Plaintiff went to trial on January 9, 2023 and the jury

25

26 ――――――――――――――――――
[1] Plaintiff does not allege any causes of action regarding his factual allegations that officers

27 destroyed body camera footage or that Eduardo wrongfully removed a firearm without a crime scene investigator present. The Court thus construes these facts as supporting Plaintiff's unlawful

28 arrest claim and not as supporting separate causes of action.

found him not guilty on January 12, 2023.  Here, the Court finds that Plaintiff's third claim is identical to his first claim because they both allege unlawful arrest.  So, the Court dismisses this claim without prejudice as moot.

### E.    Claim 4.

In Plaintiff's fourth cause of action, he alleges that he was maliciously prosecuted by Deputy DA Megan Thomson after he was falsely arrested on January 26, 2020.  Plaintiff alleges that DA Thomson proceeded to prosecute him for criminal charges of carrying a concealed weapon without a permit, owning or possessing a firearm by a prohibited person, and possession of stolen property.  But at trial, the jury found Plaintiff not guilty.

A claim for malicious prosecution or abuse of process is not generally cognizable under Section 1983 if a process is available within the state judicial system to provide a remedy.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987) (citations omitted).  The exception is "when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to denial of constitutional rights."  *Id.* at 562. (citations omitted).  In order to prevail on a Section 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right."  *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (citations omitted); *see also Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004); *Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012).  A malicious prosecution claim may be brought against prosecutors or against the individuals who wrongfully caused the prosecution.  *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011).  Probable cause is an absolute defense to malicious prosecution.  *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054-55 (9th Cir. 2009).  In order to state a malicious prosecution claim, Plaintiff must show that the prior proceeding was commenced by or at the direction of a defendant and it was: (1) pursued to a legal termination favorable to plaintiff; (2) brought without probable cause; and (3) initiated with malice.  *Ayala v. Environmental Health*, 426 F.Supp.2d 1070, 1083 (E.D. Cal. 2006).  For the termination to be considered "favorable" to the malicious prosecution plaintiff, it must be

1   reflective of the merits of the action and of the plaintiff's innocence of the charges. *Villa v. Cole*,

2   4 Cal.App.4th 1327, 1335 (1992); *Awabdy*, 368 F.3d at 1068 ("[a]n individual seeking to bring a

3   malicious prosecution claim must generally establish that the prior proceedings terminated in

4   such a manner as to indicate his innocence.").

5          Here, Plaintiff has not alleged a colorable claim for malicious prosecution because he has

6   alleged that he underwent a preliminary hearing regarding the charges DA Thomson brought and

7   then proceeded to trial on those charges.  Plaintiff's criminal case would not have proceeded to

8   trial if a neutral magistrate judge did not find that there was probable cause at the preliminary

9   hearing. *See* Nev. Rev. Stat. 171.206.  Plaintiff also does not allege that DA Thomson acted

10  maliciously.  Without that allegation and given the fact that Plaintiff alleges elsewhere that he

11  engaged in, and proceeded past, a preliminary hearing, the Court cannot find that DA Thomson

12  acted maliciously in bringing the charges she did against Plaintiff.  Finally, just because Plaintiff

13  alleges that the jury found  him not guilty of the charges does not establish that the prior

14  proceedings terminated in such a manner as to indicate Plaintiff's innocence.  This is because the

15  standard for convicting a person on criminal charges is extremely high—beyond a reasonable

16  doubt. *See* Nev. Rev. Stat. 175.201.  And just because a jury cannot find beyond a reasonable

17  doubt that a person committed the crime charged does not necessarily mean that the individual

18  was actually innocent.  The Court thus dismisses this claim without prejudice and with leave to

19  amend.

20

21          **IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration (ECF No.

22  11) is **granted.**

23          **IT IS FURTHER ORDERED** that the Court's report and recommendation (ECF No. 9)

24  is **withdrawn.**

25          **IT IS FURTHER ORDERED** that Plaintiff's application to proceed *in forma pauperis* is

26  **granted.**  Plaintiff will **not** be required to pay an initial installment fee.  Nevertheless, the full

27  filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation

28

1    Reform Act.  The movant herein is permitted to maintain this action to conclusion without the

2    necessity of prepayment of fees or costs or the giving of security therefor.

3        **IT IS FURTHER ORDERED** that Plaintiff's previous application to proceed *in forma*

4    *pauperis* (ECF No. 6) is **denied as moot.**

5        **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the

6    Prison Litigation Reform Act, the Clark County Detention Center will forward payments from the

7    account of **Aaron Q. Ingram, Inmate No. 7763653**, to the Clerk of the United States District

8    Court, District of Nevada, 20% of the preceding month's deposits (in months that the account

9    exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk of Court is

10   kindly directed to send a copy of this order to the Finance Division of the Clerk's Office.  The

11   Clerk of Court is also kindly directed to send a copy of this order to the attention of **Chief of**

12   **Inmate Services for the Clark County Detention Center** at Clark County Detention Center,

13   330 S. Casino Center Blvd., Las Vegas, NV 89101.

14       **IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise

15   unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the

16   Prison Litigation Reform Act.

17       **IT IS FURTHER ORDERED** that the following claims alleged in Plaintiff's amended

18   complaint (ECF No. 7) shall proceed:

19       • Unlawful arrest in violation of the Fourth Amendment against Officer A. Cordero and

20           Officer Eduardo.

21       • Unreasonable search and seizure in violation of the Fourth Amendment against Officer

22           A. Cordero and Officer Eduardo.

23       **IT IS FURTHER ORDERED** that the following claims are dismissed without prejudice:

24       • Plaintiff's malicious prosecution claim against Deputy DA Megan Thomson.

25       • Plaintiff's duplicative unlawful arrest claim.

26       • Plaintiff's claims against Sheriff Kevin McMahill and District Attorney Steven B.

27           Wolfson.

28

1    **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to issue

2    summonses for: (1) Officer A. Cordero #17268; and (2) Officer Eduardo.

3    **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to deliver the

4    two summonses, two copies of the complaint (ECF No. 7), and two copies of this order to the

5    United States Marshals Service ("USMS") for service.

6    **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff

7    two blank copies of the Form USM-285.

8    **IT IS FURTHER ORDERED** that Plaintiff must complete one Form USM-285 for each

9    defendant proceeding in this case—Officer Cordero and Officer Eduardo—and will have until

10   **July 19, 2024** to send his completed Forms USM-285 to the USMS for service.

11   **IT IS FURTHER ORDERED** that, within twenty-one days after receiving a copy of the

12   Forms USM-285 back from the USMS showing whether service has been accomplished, Plaintiff

13   must file a notice with the Court identifying whether the defendants were served.  If Plaintiff

14   wishes to have service again attempted on an unserved defendant, Plaintiff must file a motion

15   with the Court identifying the defendant and specifying a more detailed name and/or address for

16   that defendant or whether some other manner of service should be attempted.

17   **IT IS FURTHER ORDERED** that Plaintiff shall have until **September 26, 2024,** to

18   complete service.  Fed. R. Civ. P. 4(m).

19

20   DATED: June 28, 2024

21   _____

22   DANIEL J. ALBREGTS
     UNITED STATES MAGISTRATE JUDGE