UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Aaron Quincy Ingram,<br><br>          Plaintiff<br><br>v.<br><br>Anton Cordero, et al.,<br><br>          Defendants | Case No. 2:24-cv-00069-CDS-DJA<br><br>**Order Granting Defendants' Motion for Judgment on the Pleadings and Denying as Moot Defendants' Motion for Summary Judgment**<br><br>[ECF No. 24, 30] |

      Pro se inmate plaintiff Aaron Q. Ingram[1] brings claims against defendants Anton Cordero and Eduardo Arteaga under 42 U.S.C. § 1983, alleging claims of unlawful arrest and unreasonable search and seizure in violation of the Fourth Amendment. *See* Am. compl., ECF No. 7.[2] Defendants filed a motion for judgment on the pleadings. Mot. for j. on pleadings, ECF No. 24. That motion is fully briefed. *See* Opp'n, ECF No. 27; Reply, ECF No. 28. Subsequently, the defendants filed a motion for summary judgment. Mot. for summ. j., ECF No. 30. That motion is also fully briefed. *See* Opp'n, ECF No. 35; Reply, ECF No. 36. Because I find that Ingram filed his complaint after the statute of limitations period had run, his claims are time barred. So I grant the defendants' motion for judgment on the pleadings and deny as moot the defendants' motion for summary judgment.

---

[1] Ingram is currently housed at the Clark County Detention Center. *See* ECF No. 7 at 1.

[2] Ingram also brought (1) a claim of malicious prosecution against deputy DA Megan Thomson, (2) an additional claim of unlawful arrest, and (3) included Sheriff McMahill and District Attorney Steven B. Wolfson as defendants. *See* ECF No. 7. As Ingram is proceeding *in forma pauperis* Magistrate Judge Daniel J. Albregts screened his amended complaint pursuant to 28 U.S.C. § 1915(e). Order, ECF No. 12. In the screening order, Judge Albregts dismissed Ingram's malicious prosecution claim against deputy DA Megan Thomson, an additional unlawful arrest claim as it was duplicative, and claims against Sheriff Kevin McMahill and District Attorney Steven B. Wolfson. *See id.* at 9.

I.    Background[3]

Ingram alleges that on January 26, 2020, the defendants, who are members of the Las Vegas Metropolitan Police Department (LVMPD), were dispatched at approximately 12:00 p.m. to a Wienerschnitzel restaurant located at 3201 N. Rancho Drive, Las Vegas, Nevada 89108, after receiving a call from a man named Mark Anderson about a reckless driver. ECF No. 7 at 3. Defendants spoke to Anderson at the restaurant, and he told the defendants that a man had threatened him with a firearm during a bout of road rage. *Id.* Anderson described the alleged suspect as "(1) a black male adult 40-50 years in age; (2) 5.6 foot in height; (3) wearing a black jacket with blue jeans; and (4) [] driving a white sedan." *Id.* Ingram alleges that this information did not match his own description because at the time of the alleged reckless driving incident he was (1) twenty-nine years old; (2) six feet tall, (3) wearing gray sweatpants with a backpack; and (4) was at a public bus stop and not in a white sedan or "near any white sedan." *Id.* Despite this, Ingram alleges that while he was waiting at the north/west side bus stop located on Cheyenne Avenue and Rancho Drive, the defendants approached him "physically and aggressively at gun-point which put the plaintiff in mortal fear." *Id.* at 5. Defendants then apprehended Ingram and "immediately [] conducted a search on the plaintiff's person, seizing the plaintiff's backpack with [A]pple MacBook-Pro, cash, and cell phone." *Id.* Ingram then provided the defendants with "adequate identification" and was placed in the back seat of the defendants' patrol vehicle for multiple hours. *Id.* At some point during this encounter, although it is not clear from the complaint exactly when, Ingram alleges that Anderson arrived at the scene to identify the suspect and immediately told the defendants that Ingram was not the man who threatened him. *Id.* at 4.

---

[3] Unless otherwise noted, the court only cites to Ingram's amended complaint (ECF No. 7) to provide context to this action, not to indicate a finding of fact. Additionally, I only recite the facts related to the two Fourth Amendment claims that survived Judge Albregts's screening order.

2

## II. Legal standard

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings at any time after the pleadings are closed, as long as the filing of the motion does not delay trial. Fed. R. Civ. P. 12(c). "For the purposes of the motion, the allegations of the non-moving party must be accepted as true[.]" *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). Further, "[j]udgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id.*

## III. Discussion

Defendants argue that they are entitled to judgment on the pleadings as both of Ingram's claims are barred by statutes of limitations. ECF No. 24 at 6–7. In his response, Ingram argues that under *Younger v. Harris*, he was unable to bring these claims until the conclusion of his trial at state court. ECF No. 27 at 3 (citing 401 U.S. 37 (1971)).

For purposes of applying the statute of limitations, § 1983 claims are treated as state law personal injury actions. *Orth v. Balaam*, 2009 U.S. Dist. LEXIS 87621, at *8 (D. Nev. Aug. 5, 2009) (citing *Harding v. Galceran*, 889 F.2d 906, 907 (9th Cir. 1989)). The Nevada statute of limitations for personal injury actions states that any claims must be brought within two years of the injury. Nev. Rev. Stat. § 11.190(4)(e). Therefore, § 1983 claims must also be brought within two years. *Orth*, 2009 U.S. LEXIS 87621, at *8. Federal law determines when this statute of limitations period begins to run and provides that a § 1983 claim accrues "when the plaintiff has a complete and present cause of action for which he can file and obtain relief." *Id.* (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)).

Ingram and the defendants agree that the pertinent statute of limitations is two years, and Ingram concedes that he "did exceed the statute of limitation[s] . . . ." ECF No. 27 at 4. However, Ingram argues he has "good cause" for his failure to follow the statute of limitations because he was required to wait until the underlying state criminal proceedings were finished

before he brought his claims. *Id.* at 3–4. Specifically, he argues that under *Younger v. Harris*, "the federal courts do not grant relief for claims that will interfere with pending state judicial proceedings" and because of this he was barred from filing his federal complaint until after his trial concluded. *Id.* Ingram misunderstands the holding in *Younger v. Harris*. *Younger* does not require plaintiffs to wait until the state court proceeding has finished before filing a complaint in federal court. Rather, the Supreme Court in *Younger* rejected the plaintiff's argument that the state should be barred from prosecuting him because the statute providing the basis for the arrest is vague and overbroad, *id.* at 38, and held that federal courts should generally not enjoin pending state criminal prosecutions absent extraordinary circumstances. 401 U.S. at 53–54. Thus, the holding in *Younger* is irrelevant here; it does not stand for the proposition that a plaintiff must wait until their criminal trial has ended before filing a complaint in federal court. Rather, *Younger* is a principle in federal jurisprudence that limits federal court intervention in certain state proceedings. Additionally, *Younger* addressed injunctive relief, whereas here, Ingram is requesting damages. *See* 401 U.S. at 41 (discussing the "national policy of forbidding federal courts to **stay or enjoin** pending state court proceedings. . . .") (emphasis added); ECF No. 7 at 9 (requesting damages).[4]

        Courts in this district have made clear that the statute of limitations period for claims of unlawful arrest and unlawful search and seizure in violation of the Fourth Amendment begins to run on the date of the underlying arrest or seizure. *See Green v. L.V. Metro. Police Dep't*, 2022 U.S. Dist. LEXIS 51866, at *9 (D. Nev. Mar. 23, 2022) ("[T]he statute of limitations for [plaintiff's] Fourth Amendment and false arrest claims . . . began to run when the arrest took place . . . ."); *Marcelli v. Edwards*, 2016 U.S. Dist. LEXIS 68031, at *9 (D. Nev. May 24, 2016) ("[T]he statute of limitations for a claim of false arrest or illegal seizure begins to run on the date of the underlying

---

[4] Ingram's citation to *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69 (2013) and *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) are also inapplicable. Those cases dealt with civil proceedings in federal and state court that were filed simultaneously. Generally, overlapping federal and state court litigation may proceed simultaneously. *Nesbit v. Fornaro*, 2011 U.S. Dist. LEXIS 52335, at *4 (D. Nev. Mar. 31, 2011) (quoting *Noel v. Hall*, 341 F.3d 1148, 1159 (9th Cir. 2003)). .

arrest or seizure."); *Orth*, 2009 U.S. Dist. LEXIS 87621, at *10 (dismissing plaintiff's false arrest claim and unreasonable search and seizure claim because it was filed more than two years after the arrest took place). Ingram alleges that the false arrest and the unreasonable search and seizure occurred on January 26, 2020. ECF No. 7 at 3, 5. Applying the two-year statute of limitations, Ingram was required to file this § 1983 action no later than January 26, 2022. A review of the docket demonstrates that Ingram did not file his original complaint until January 8, 2024—which is almost two years after statute of limitations period had run. *See* Compl., ECF No. 1-2. Because Ingram filed his complaint after the statute of limitations period had run, his claims are time barred. Defendants' motion for judgment on the pleadings is granted and Ingram's claims are dismissed with prejudice.

## IV. Conclusion

IT IS THEREFORE ORDERED that defendants' motion for judgment on the pleadings **[ECF No. 24] is GRANTED.** Ingram's claims are barred by the applicable statue of limitations and are **dismissed with prejudice.**

IT IS FURTHER ORDERED that defendants' motion for summary judgment **[ECF No. 30] is DENIED as moot.**

The Clerk of Court is kindly instructed to enter judgment accordingly, and to close this case.

Dated: July 29, 2025

_____
Cristina D. Silva
United States District Judge